We'll move on to the second case of the day, United States v. Oscar Cortez-Lopez, number 142638, and we'll hear from Ms. Eliadez. Ms. Eliadez, I'm here on behalf of the appellant defendant, Mr. Oscar Cortez-Lopez. The issue before the court today is a sentencing issue. We've argued that the court abused its discretion in granting a variance of only 24 months to account for the entire 48 months pre-indictment delay. And our main issue has to deal with the fact that the court's reasons in support of this variance were unfounded. Mr. Cortez-Lopez was taken into state custody on June 2nd of 2010. Only six days later, the immigration authorities were well aware of his presence in this country. And the issue we have is it took him another 42 months, approximately one month, before he was set to parole on his state court sentence to file the case in the federal district court here. So, in essence, he was prejudiced 42 months. He had to serve an additional 42 months for his time. Now, this court and other sister courts... That argument seems to presume he was entitled to a concurrent sentence, right? I mean, it's left to the discretion of the district court, right? As to whether you give credit. It is discretionary, Your Honor. And I agree, there's no dispute about its discretionary status. However, once the court does determine there's prejudice under this argument and decides to give a variance, then it gives reasons for his variance that are completely unsubstantiated in the record, then that is something that this court can review. It doesn't... Once you're given the authority to do something, it's not an issue of whether they had the authority or were required to, but once they did make and take those steps, then they're required by this court to list their reasons for their variance. And if we're not examining those reasons and making a finding when those reasons are unfounded, then what's the point of having them actually detail their reasons before this court? So I don't think... I am not taking the position that my argument assumes in any way that he's entitled to it. But once that action's taken, I think that the court has an obligation to list very credible reasons and unsubstantiated reasons. And in this case, what the court did was it picked a number based entirely upon its own thought process. There was nothing to tie it. But wait a minute. That's what I was going to ask, is it took all this stuff that you're talking about into consideration and it came up in the 24 months? Right. It could have been more, could have been less, but that was the court's assessment. As Judge Hamilton said, there's no entitlement here. It's a question of, you're saying, oh, they waited a long time, dragged their feet, maybe did it on purpose or something, so we couldn't get a concurrent sentence. But the court took all that into consideration. It really did, Your Honor. But the problem I'm having and the problem we're arguing on appeal is that it did not have a foundation for the numbers that it came up with. You split the difference. What's wrong with that? Look, it could have been 18 months, it could have been 24, it could have been 12. There's no science to this, right? Well, respectfully, I disagree because I think that the requirement that we actually make the courts list their reasoning behind something does imply, not that there's a science, but their reasoning has to be substantiated. And in this case, the government never argued that that time was required for an investigation into his immigration status. And that's why we're arguing that the court was extremely flawed in its reasoning because it made up a number of 18 months, which far exceeds all the cases that are listed in our brief. I mean, typical cases have talked about nine months variances and 12 months variances, but this case was entirely way beyond the scope of the other cases that have allotted a variance. And it's important. What would have been reasonable here? Was the judge, do you think, required to go 42 months down from the top end of the guidelines or not? Your Honor, I believe that if the judge had proper foundation for its conclusion that 18 months was reasonable, then that would have fulfilled the court's requirement. But the government in this case did not ever argue that. What would have been reasonable? Whatever the government proffered was necessary for this investigation. But would you agree with me that the judge would not have erred if he had simply imposed a sentence at the top end of the guideline range? Including the variance, Your Honor, or? Just, no, no credit, just top end of the guideline range. No. I do agree, Your Honor, because there's no obligation for the judge to grant this variance. But that's where we get into a little trouble with this. This is a variance that was actually approved of before we ever had Booker. There were departures based, and they were specific departures. And all of those departures in the jurisprudence of the other circuits specifically accounted for the exact amount of pre-indictment delay. So there is no, I mean, basically we're telling, we're trying to make a finding that it's not fair for the government to gain a tactical advantage of almost 42 months. Well, look, they're separate crimes, right? Yes, they are separate crimes, but that's not the issue here. That's why there's no entitlement to concurrent sentences, right? That is correct. But had the government actually filed its case in this situation, then the time would have been able to run concurrent. There would have been an opportunity to make that. Yes, because the state court, they could have filed to have the defendant brought over. He could have determined an outcome, and he was very expeditious about resolving his case. He was ready to plea almost the first day. So he was trying to do the right thing, accept responsibility. And he wasn't allowed to because of the government's tactical decision to wait 42 months right before he paroled. And the government, even before the court said, its reasons, it actually stated that he doesn't get a free ride. But that's not what the law is, and that's not what the law in our jurisprudence. The law is that he gets a free ride? I'm sorry? The law is that he gets a free ride? No, that's not the standard. The standard is not that he gets a free ride. The standard, the law is that they can't use that rationale. So I see my time is up. You're into your rebuttal time. Thank you very much. Thank you, Your Honor. Ms. Laides. And let's see. We'll hear from Ms. Yoon. May it please the court, good morning. Minnie Deno Yoon for the United States. The district court was well within its discretion when it sentenced Mr. Cortez Lopez to a below guideline sentence of 63 months. As Judge Hamilton has already noted, the defendant was not entitled to the variance due to any lost opportunity to argue for a concurrent sentence. As the district court would have had the discretion to determine whether it could impose a consecutive partially concurrent or concurrent sentence, so too here the district court had discretion to determine whether it was going to give a variance and what that variance should be. Is there any particular basis for this 18 month calculation by the district court? It is not in the record as to how the district court came to the 18 months. I think that he listened to the, it's not in the record, but it was a determination that he found reasonable in this case. This is about as simple a case as there is to prosecute, right? It is based on paperwork. Quite simple. Fingerprints and identity in the paper records, okay. But what the district court had to do was give reasoning behind its decision and that is precisely what the district court did here. It considered the mitigating factors in this case, the fact that he had been brought to the United States when he was 16 years old, the fact that he had a young child, and the fact that he had spent time in state custody prior to being federally indicted. The district court also took into consideration the aggravating factors in this case and found particularly troubling the fact that he had three drug trafficking crimes and had been Taking all of these factors into consideration, the district court found that a 24-month variance from the high end of the guideline range of 70 to 87 months was appropriate in this case and imposed a 63-month below guideline sentence. And it was well within his discretion to impose such a sentence unless there are further questions from the court. In closing, I ask you to affirm this sentence below. Thank you, Ms. Yoon. Thank you. Rebuttal, Ms. Zelaitis. Thank you, Your Honor. The prosecution confuses the issues in their briefing and the argument before the court. They're talking about the court's reasoning for their overall sentencing but not the reasoning for the amount of variance it granted in this case. The only two reasons the court gave was that 18 months was a reasonable amount of time and there's no bad faith. This court was very clear in the Yegas versus Miranda that we do not mix up the issues given for the, to justify the court's sentence within the guideline range once it determines it with the reasoning the court gives for a variance. So I would submit that all the other factors that the prosecution is actually relying on are not substantially before this court. The only two factors the court looked at have to deal with the two issues that we have a problem with. Now, the court earlier asked me what would be reasonable. I cannot speak myself but I can look at the other cases. In this particular jurisdiction, four months was reasonable. As the court just noted, it doesn't take a lot of work to investigate a case like this. And it's particularly troubling because in this case, the government never even argued that it was using this time in order to investigate the case. The court simply on itself, sua sponte, picked a number of 18 and said that was reasonable and it also said there was no bad faith. Bad faith is not an issue on granting these variances. So... I assume if you had it, you would want to argue that though, right? If you had it... We would be absolutely arguing it here, but in this case, just to summarize, the facts of this case are very similar to another case where the prosecution waited only a month before it filed and the court came this close of finding bad faith, you know. So this case is very similar to that. Okay. Thank you. Thank you very much, Ms. Eliadees. Thanks to both counsel. The case is taken under advisement.